UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
(EASTERN DIVISION)

| | |
|---|---|
| *LIGHTHOUSE FOR THE BLIND*<br><br>　　　　　Plaintiff,<br><br>v.<br><br>*CREP PROTECT, Ltd.*<br><br>Service Address:<br><br>Unit 3, Sundon Business Park<br>Dencora Way<br>Luton<br>Bedfordshire<br>LU3 3HP<br><br>Courtesy Copy:<br><br>Media House, Kingsbury Works Estate,<br>Kingsbury Road London, NW9 8UP.<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

　　COMES NOW Plaintiff Lighthouse for the Blind, by and through its undersigned counsel of record, and in support of its Complaint for Breach of Contract against CREP Protect, Ltd., states the following:

### THE PARTIES AND JURISDICTION

1. Lighthouse for the Blind ("LHB") is a non-profit corporation, organized and existing under the laws of the State of Missouri, with its principal place of business located at 10440 Trenton Avenue, St. Louis, MO 63132.

7332184.1

2. LHB is a citizen of the State of Missouri, and LHB manufactures, packages, and assembles a variety of commercial products utilizing blind or limited vision employees.

3. CREP Protect, Inc. ("Defendant") is a corporation, organized and existing under the laws of the Country of England with its principal place of business located at Media House, Kingsbury Works Estate, Kingsbury Road London, NW9 8UP.

4. Defendant is a citizen of the United Kingdom.

5. Pursuant to 28 U.S.C. § 1332 (a)(2), this Court has jurisdiction over this matter it represent a dispute  between LHB, a Missouri citizen, and Defendant, a foreign citizen, and the matter in controversy exceeds $75,000 excusive of interest and costs.

6. This Court has personal jurisdiction over Defendant as Defendant continuously and systematically conducted business within the state of Missouri by purchasing products that were manufactured by LHB in Missouri, tendering payment to LHB in Missouri, and based on information and belief selling its products to end-use customers in the State of Missouri.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because a substantial part of the events or omissions giving rise to LHB's claim occurred in this district and Defendant is subject to personal jurisdiction in this district.

## FACTS COMMON TO ALL COUNTS

8. In or around late-2014, Defendant contacted LHB about manufacturing certain shoe sneaker cleaning and maintenance products for Defendant's sale to end use customers.

9. During the parties' communication about the project, LHB advised Defendant that as is standard practice in the manufacturing industry, it would need to order component parts in advance to supply Defendant with product in the requested quantities.

10. On October 24, 2014 Defendant and LHB entered into an agreement whereby Defendant agreed to purchase 25,000 cans of "Crep Protect" product that would be manufactured by LHB at its St. Louis manufacturing facility.

11. Thereafter, Defendant entered into the following additional purchase agreements with LHB for Defendant's additional purchase of Crep Protect product:

    a. P.O. 1006    04/08/2015    150,000 cans;
    b. P.O. 1005    03/24/2015    300,000 cans;
    c. P.O. 1010    01/13/2016    400,000 cans;
    d. P.O. 1011    01/13/2016    450,000 cans; and
    e. P.O. 1014    03/02/2016    4600 cans (no charge).

*A true and accurate copy of Purchase Orders 1006, 1005, 1010, and 1011 are attached hereto as Group Exhibit A* (collectively the "Purchase Orders").

12. In reliance upon Defendant's orders set forth herein, LHB incurred the following out of pocket costs on product components:

    a. $43,355.00 – Can tips;

    b. $21,054.00 – Can valves;

    c. $29,657.00 – Can caps;

    d. $4,854.00 – Cans;

    e. $970.00 - Cartons

13. Thereafter, Defendant abruptly cancelled Purchase Orders 1010, 1011, and 1014.

14. Notwithstanding its disagreement with Defendant's cancellation, LHB honored Defendant's wishes to terminate these respective orders and merely demanded reimbursement for the cost of the product components LHB had incurred pursuant to Defendant's original orders.

15. Notwithstanding LHB's demand, Defendant refused to reimburse LHB for any of the aforementioned costs.

## COUNT I

### (Breach of Contract)

16. LHB incorporates by reference the allegations set forth in paragraphs 1-15 of this Complaint as if fully set forth herein.

17. The Purchase Orders set forth in paragraph 11 of this Complaint represent a valid and binding contract for the purchase and sale of Crep Protect product between LHB and the Defendant.

18. At all times relevant hereto, LHB performed all obligations under the Purchase Orders.

19. Defendant breached the parties' contract by repudiating Purchase Orders 1010, 1011, and 1014 without justification or cause.

20. Likewise Defendant's refusal to reimburse LHB represents a breach of the covenant of good faith and fair dealing inherent in all Missouri contacts.

21. As a result of the Defendant's breach, LHB has been damaged in that it has incurred non-returnable component costs an amount in excess of $75,000 to be proven at trial.

WHEREFORE, Plaintiff Lighthouse for the Blind respectfully requests this Court enter an Order, finding Defendant in breach of the parties' contract, awarding damages to LHB in an

amount in excess of $75,000 exclusive of interest and costs, and granting LHB such other and further relief as this Court deems just and proper under the circumstances.

                SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ M. Quinn Murphy*
M. Quinn Murphy, #53832MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  qmurphy@sandbergphoenix.com

*Attorneys for Plaintiff Lighthouse for the Blind*